UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM HERNANDEZ,

    Plaintiff,

v.                                    Case No. 3:22-cv-1161-BJD-PDB

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, William Hernandez, an inmate of the Florida penal system, initiated this action by filing a document titled "Restraining Order" (Doc. 1). Plaintiff asserts he wants to initiate a civil rights action against staff employed by the Florida Department of Corrections (FDOC) at Union Correctional Institution (UCI). Doc. 1 at 1. He asserts he fears for his life "from several staff members at UCI after [he was] physically assaulted" on August 9, 2022. *Id.* He seeks an order directing the FDOC to follow its own rules "to keep further harm from taking place while [he] proceed[s] with [a] Civil Right[s] [action]." *Id.* at 1-2. He contends a restraining order "will also help with matters like showers and shaves," saying he has not showered in over 60 days because the officers

who are responsible for his movement are the ones who assaulted him.[1] *Id.* at 2.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. Notably, he has not complied with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury,

---

[1] In light of Plaintiff's assertions, in an abundance of caution, the Clerk of Court sent a copy of Plaintiff's filing (Doc. 1) and the Court's Amended Standing Order (Doc. 2) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Plaintiff's institution.

2

describe precisely the conduct sought to be enjoined, and include a supporting memorandum of law. *See* M.D. Fla. R. 6.01, 6.02(a)(1).

Moreover, an order granting the relief Plaintiff seeks—essentially, a directive that prison officials not violate his constitutional rights—would not satisfy Rule 65's specificity requirement. *See* Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)). *See also Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding the district court "correctly determined that an injunction ordering the City not to discriminate in [the] future . . . would not satisfy the specificity requirements of the Federal Rules of Civil Procedure").

Not only is Plaintiff's filing facially insufficient, to the extent he is attempting to raise claims regarding the conditions of his confinement, he has not properly initiated a civil rights action by filing a complaint using the Court's standard form. *See* M.D. Fla. R. 6.04(a) ("A pro se person in custody must use the standard form . . . to file . . . a complaint . . . that alleges a violation of the United States Constitution or other federal law by a government official."). The Court's form requires a plaintiff to include detailed information regarding the defendants he intends to sue, his litigation history, a statement

3

of his claims and facts, and the relief he seeks. If Plaintiff chooses to file a civil rights complaint, he may do so using the proper form.

For the foregoing reasons, this case will be dismissed without prejudice subject to Plaintiff's right to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement, if he elects to file one.

Accordingly, it is

**ORDERED:**

1. Plaintiff's request for a restraining order (Doc. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of November 2022.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:      William Hernandez

5